OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff brought this action to foreclose a mortgage executed by defendant in favor of plaintiff’s assignor and upon premises formerly owned by defendant. The mortgage secured a debt evidenced by a bond executed at the same time. Defendant’s answer alleged that he was not a proper party because the property had been sold at public auction for unpaid taxes. He subsequently moved for summary judgment on that ground and it appeared from the motion papers that the property had been sold but had been reacquired by defendant at the tax sale. He in turn conveyed the property to another before this action commenced but after plaintiff had filed a lis pendens.
On appeal to this court plaintiff claims the sale must be vacated alleging that his mortgage and assignment were recorded and that he has been deprived of due process because of the failure to give him actual notice of the tax sale and of his right to redeem (see Mennonite Bd. of Missions v Adams, 462 US_, 103 S Ct 2706; Congregation Yetev Lev D’Satmar v County of Sullivan, 59 NY2d 418). Since that constitutional issue was not raised below, it is not preserved for our review (Matter of Eagle v Paterson, 57 NY2d 831, 833; Barber v Dembroski, 54 NY2d 648, 650; Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 169).
Insofar as the merits of the action are concerned, we agree with the majority opinion of Justice Mangano at the Appellate Division (92 AD2d 319) that when the mortgagee failed to redeem the property within the three-year *946 period provided by law, the purchaser’s title became “absolute” (Real Property Tax Law, § 1024, subd 1) and that the mortgage was extinguished and was unenforceable. The purchaser of property at a tax sale, upon receiving a valid deed, acquires a new and complete title to the land under an independent grant from the sovereign, a title free of any prior claims to the property or interests in it and not merely the title of the prior owner or the party assessed for taxes (Hefner v Northwestern Life Ins. Co., 123 US 747, 751; Lee v Farone, 261 App Div 674, affd 288 NY 517).
Our disposition of the appeal is without prejudice to plaintiff repleading so much of the cause of action as seeks foreclosure and a deficiency judgment to allege a claim to recover on the bond.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.