■ In the Matter of TIFFANY B. CONSTANCE BENNETT, Respondent; JOHN B., Appellant. — In a neglect proceeding pursuant to article 10 of the Family Court Act, the appeals are from an order of the Family Court, Nassau County (Collins, J.), entered February 23, 1983, which, after a hearing, adjudicated appellant to be a neglectful parent, and from a dispositional order of the same court, entered May 4, 1983, which placed the subject infant with the petitioner Nassau County Department of Social Services for a period of 18 months.

Appeal from the order entered February 23, 1983 dismissed, without costs or disbursements (*see,* Family Ct Act § 1112). That order is brought up for review on the appeal from the dispositional order entered May 4, 1983.

Order entered May 4, 1983 affirmed, without costs or disbursements.

The issue of whether article 10 of the Family Court Act is unconstitutional because it allows a finding of neglect to be predicated on a standard of fair preponderance of the evidence was not raised at nisi prius and thus may not be considered on appeal (*see, e.g., Melahn v Hearn,* 60 NY2d 944, 945; *Matherson v Marchello,* 100 AD2d 233, 241, n 4). Moreover, the requisite statutory notification has not been given to the Attorney-General (CPLR 1012 [b]; Executive Law § 71), which constitutes an independent bar to appellate review (*Matherson v Marchello, supra,* at 241, n 4). In any event, this proceeding involved a finding of temporary neglect and the placement is of a limited duration. Consequently, *Santosky v Kramer* (455 US 745) is plainly distinguishable (*Matter of Linda C.,* 86 AD2d 356).

We perceive no reason to disturb the determination on the merits. Titone, J. P., Mangano, Weinstein and Kunzeman, JJ., concur.