■ RUTH E. FRAMPTON et al., Appellants, v JOHN INDELI-CATO, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court (Klein, J.), entered March 28, 1988 in Ulster County, upon a decision of the court, without a jury, in favor of defendant.

At issue on this appeal is whether Supreme Court correctly resolved in defendant's favor the parties' respective claims of title to a parcel of real property in the Town of Lloyd, Ulster County. At the outset, we note that our review is not limited to whether Supreme Court's factual findings are supported by some credible evidence; instead we look to whether the determination represents a reasonable assessment of the evidence (see, Arnold v State of New York, 108 AD2d 1021, 1023, appeal dismissed 65 NY2d 723).

For clarity, we refer to the disputed parcel as "Parcel B". Plaintiffs, whose homestead is located on property identified as "Parcel A" immediately adjoining Parcel B, commenced this action in September 1986 for a declaration of their exclusive ownership in fee of Parcel B. Plaintiffs maintain that Parcel B constitutes one portion of the premises previously known as the "Maria Merritt farm", which included both a 15-acre parcel, ostensibly Parcel A, and a seven-acre parcel, ostensibly Parcel B. Plaintiffs' chain of title to the Maria Merritt farm, which is situated south of Chodikee Lake Road, traces back to an 1854 conveyance. Defendant answered and asserted a counterclaim under RPAPL article 15 for a determination that he holds valid title to Parcel B. Defendant's title traces back to an 1886 conveyance into one Townsend. After a nonjury trial, Supreme Court concluded that the parties established chains of title relative to two separate parcels, and that title to Parcel B actually devolved to defendant. We find that the record fully supports this determination.

Without tracing in detail each parties' chain of title, several key facts confirm defendant's claim. The various deeds into defendant's predecessors in title evidence two southern boundaries to the premises conveyed. As explained by Gerald E. Movall, a title examiner produced by defendant as an expert witness, this characteristic indicates that the property was bisected by Chodikee Lake Road into two distinct areas. The Townsend property which eventually devolved to defendant actually consisted of one parcel on the northern side of the highway and a second parcel on the southern side, which defendant claims is Parcel B. Based on his examination of defendant's chain of title, as well as the deeds of bounding owners, Movall opined that defendant owned Parcel B.

Other documentary evidence supports this conclusion. Defendant introduced a 1932 tax map into evidence which indicated that the Nielsons, predecessors in title to defendant, owned parcels on both the northern and southern side of Chodikee Lake Road. An assistant assessor from the Town of Lloyd testified that taxes on Parcel B had been levied on the Nielsons and their successors in title. Defendant also documented that certain power line easements over Parcel B were given by the Nielsons. Finally, defendant presented the testimony of three neighborhood residents demonstrating that defendant's predecessors continuously used Parcel B for farming and other related activities, while residing on the lot north of Chodikee Lake Road (see, Brocco v Mileo, 144 AD2d 200). Cumulatively, this evidence amply confirms defendant's ownership of Parcel B.

Our examination of plaintiffs' chain of title does not compel a contrary conclusion. Plaintiff J. Paul Frampton acquired title to the Maria Merritt farm in 1944, through devolution from the estate of his uncle, Walter E. Frampton, and plaintiffs have held record title to date. The pivotal question is whether Parcel B constitutes the second, seven-acre parcel included within the boundaries of the Maria Merritt farm. Plaintiffs premise their claim, without benefit of a survey, on their own interpretation of the metes and bounds of the Maria Merritt farm as set forth in a 1915 Referee's deed given to Walter E. Frampton. The claim fails for several reasons.

Plaintiffs' own deed describes the Maria Merritt farm as being bounded to the west by the lands of Townsend, defendant's predecessor in interest. The Ose chain of title, corresponding to the parcel immediately west of Parcel B, indicates that Townsend was the eastern bounding owner. In effect, the record documents that the Townsend parcel, from which defendant's title derives, falls squarely between the Frampton and Ose properties, i.e., Parcel B. Moreover, the assistant assessor from the Town of Lloyd plotted both the 15-acre and seven-acre plot constituting the Maria Merritt farm and concluded that both would fit within Parcel A as per the current tax map. To assume, as plaintiffs do, that Parcel B was also included within the farm would increase the acreage to more than 34 acres, far in excess of the 22 acres described in the 1915 Referee's deed. Consequently, we agree with Supreme Court that plaintiffs failed to establish by a preponderance of the evidence that Parcel B is encompassed within their title (see, 48 NY Jur, Quieting Title and Determination of Adverse

Claims, § 61, at 645-646 [1966]). Defendant was properly declared to be the record titleholder.

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.