VINCE K. MASICK, Respondent-Appellant, v CITY OF SCHENEC-TADY et al., Appellants-Respondents.

Third Department, January 3, 1991

## APPEARANCES OF COUNSEL

*Alfred L. Goldberger (William W. Oliver* of counsel), for appellants-respondents.

*Carl E. Holsberger* for respondent-appellant.

### OPINION OF THE COURT

MAHONEY, P. J.

By deed dated October 28, 1981, plaintiff and Thomas Hughes purchased property as tenants in common on Albany Street in the City of Schenectady, Schenectady County. The real property transfer report listed the buyers' address as 2851 Caroline Avenue, Schenectady, New York 12306. The deed listed separate addresses for the buyers, plaintiff's address being RD No. 5, Box 175, Schenectady, New York, and Hughes' address listed as the Caroline Avenue address. On June 15, 1987, foreclosure proceedings against the Albany Street property were instituted by defendant city of Schenectady. Notice was sent to plaintiff and Hughes at the Caroline Avenue address. Additionally, the city published notice as required by law. Plaintiff, however, was not sent the tax notice or notice of the foreclosure proceeding at his residence address as listed on the deed. After the 1987 taxes on the subject property remained unpaid, the city conveyed the prop-

erty to itself and subsequently deeded it to defendant Schenectady Urban Renewal Agency, Inc.

On February 18, 1988, plaintiff commenced this action to void the deed conveying the property to defendants for lack of notice and to compel the conveyance of a deed from defendants to himself. Thereafter, plaintiff moved for summary judgment and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion, denied defendants' cross motion, voided the foreclosure deeds and ordered the city to convey a deed to itself and plaintiff as tenants in common. This appeal by defendants ensued, and plaintiff cross-appeals.

■ Initially, we reject defendants' argument that plaintiff and Hughes as tenants in common were agents for each other so that notice to Hughes served as notice to plaintiff. Since this issue was not pleaded or otherwise raised before Supreme Court, it was not preserved for appellate review (see, *Matter of City of Albany Indus. Dev. Agency v DeGraff-Moffly/Gen. Contrs.*, 164 AD2d 20). In any event, joint ownership of property as tenants in common does not create a partnership (see, *Davis v Morris*, 36 NY 569, 574) or an agency relationship (see, *Albert v Schrank*, 203 App Div 149, 151).

■ Turning to the central issue, we note that the Court of Appeals has held that where the interest of a property owner will be substantially affected by an act of government and the owner's name and address are known, due process requires that actual notice be given (see, *Matter of McCann v Scaduto*, 71 NY2d 164, 176). Here, the city had actual notice of plaintiff's address since on June 1, 1987, only two weeks before the commencement of the foreclosure proceedings, it had mailed to plaintiff at his RD No. 5, Box 175 address a notice and summons and complaint with reference to certain building code violations regarding the property in question. Where, as here, a municipality has commenced foreclosure proceedings that may adversely impact on realty, we do not feel that it is burdensome to require that the municipality give actual notice to a land owner reasonably known and identified from real property records as well as tax records (see, *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities*, 133 AD2d 30, 32, *affd* 70 NY2d 831; *Matter of Peck v Groholy*, 131 AD2d 146). While no constitutional question is raised in the respective briefs, we note with approval Supreme Court's reference to *Mennonite Bd. of Missions v Adams* (462 US 791, 800), which indicated that notice "certain to ensure actual notice is a minimum

constitutional precondition to a proceeding which will adversely affect * * * property interests of *any* party * * * if its name and address are reasonably ascertainable" (emphasis in original).

■ Finally, we reject defendants' contention that because a tax lien is assessed against an entire parcel of property, Supreme Court erred in ordering the city to convey a deed from itself to plaintiff and itself as tenants in common. While RPTL 1136 (6) provides that upon the execution of a foreclosure deed all persons having had an interest in such property shall be forever foreclosed from exercising any right thereto, RPTL 1136 (1) provides Supreme Court with authority to determine and enforce the rights of the parties to an action. Here, when plaintiff and Hughes purchased the subject property they became tenants in common. Since a tenancy in common may be destroyed by the involuntary transfer of one party's interest *(see,* 24 NY Jur 2d, Cotenancy and Partition, § 15, at 271) and the recipient of such interest then holds it as a tenant in common with the remaining tenant *(see,* 5A Warren's Weed, New York Real Property, Tenancy in Common, § 6.03 [4th ed]), it is clear that when the city foreclosed upon the property it destroyed the interest that Hughes had and became a tenant in common with plaintiff. Accordingly, Supreme Court ordered a correct disposition of the property.

CASEY, WEISS, MERCURE and HARVEY, JJ., concur.

Order affirmed, without costs.