OPINION OF THE COURT
Michael L. Nenno, J.
The court is presented with an order to show cause and motion asking that it vacate its own order of April 29th, 1994 which appointed Richard LeFeher, receiver of rents issuing out of premises commonly known as 65 West Main Street, Allegany, New York, and North Nine Mile Road, Allegany, *730 New York, and further dismissing the action of foreclosure instituted by the above-named plaintiff against the above-named defendants.
Defendant, Sheila Darrow, starting on September 1st, 1983, executed three mortgages in favor of the plaintiff, Salamanca Federal Savings & Loan Association. Notice of pendency of the current foreclosure action on these mortgages was filed with the County Clerk on September 8th, 1989, and the action commenced on September 13th, 1989. Subsequent to that time, the County of Cattaraugus by an in rem tax foreclosure proceeding took title to the subject property and on March 24th, 1993, sold the said property back to its original owner, defendant, Sheila Darrow.
Defendant urges that this sale following the in rem foreclosure presented her with a new title which was clear of all liens previously laid. Plaintiff shows the original mortgage agreement and the warranty of title clause for support of his position that this is simply a case of after-acquired title to which the mortgage now reattaches. The common-law doctrine of the delinquent purchaser was set out in New York in Oliphant v Burns (146 NY 218). The basis of that doctrine is that it is a fundamental principle of tax title jurisdiction that an owner of land who defaults in the payment of his taxes and repurchases his land at a tax sale does not thereby acquire any right or title to the property better than that which he had previously. The rationale of the rule is that one who is under a legal or moral duty to pay taxes cannot acquire better title by refusing to do so and thereafter purchasing his land at a tax sale. (Matter of Town of Brookhaven, 78 Misc 2d 499.) In Oliphant v Burns, the Court of Appeals upheld the mortgagee’s lien over the tax title asserted by a delinquent purchaser even though the redemption period contained in the governing statute at that time had expired. The statute in question was the predecessor of article 10 of the Real Property Tax Law. In 1983, the Court of Appeals affirmed an Appellate Division decision in Melahn v Hearn (92 AD2d 319, affd 60 NY2d 944). That case involved a tax title granted pursuant to article 10 of the Real Property Tax Law and overturned the decision in Oliphant v Burns on the basis of a longer redemption period available to the mortgagee and clear statutory language as to the consequences of his failure to redeem. ”[W]hen the mortgagee failed to redeem the property within the three-year period provided by the law, the purchaser’s title became 'absolute’ (Real Property Tax Law, § 1024, subd 1) and that *731 the mortgage was extinguished and was unenforceable. The purchaser of property at a tax sale, upon receiving a valid deed, acquires a new and complete title to the land under an independent grant from the sovereign, a title free of any prior claims to the property or interest in it and not merely the title of the prior owner or the party assessed for taxes”. (Melahn v Hearn, 60 NY2d 944, 945-946, supra.) The Oliphant case involved no warranty of title and was not based on the mortgaging of after-acquired property. In the Melahn case there was a foreclosure of a mortgage but no mention was made of a warranty clause and the decision does not speak of after-acquired title.
Real Property Law § 254 (5) contains the statutory language for warranty and its meaning. "A covenant 'that the mortgagor warrants the title to the premises’, must be construed as meaning that the mortgagor warrants that he has good title to said premises and has a right to mortgage the same and that the mortgagor shall and will make, execute, acknowledge and deliver in due form of law, all such further or other deeds or assurances as may at any time hereafter be reasonably desired or required for the more fully and effectually conveying the premises by the mortgage described, and thereby granted or intended so to be, unto the said mortgagee * * * and unto all and every person or persons, corporation or corporations, deriving any estate, right, title or interest therein, under the said indenture of mortgage * * * and the said granted premises against the said mortgagor, and all persons claiming through him will warrant and defend” (emphasis added). The tax title in the case at bar came by way of an in rem foreclosure pursuant to article 11 of the Real Property Tax Law. The redemption period and the language with regard to rights of redemption are not identical to the article 10 language but it must be assumed that the Court of Appeals would make a similar ruling as they did in the Melahn case (supra) should the facts be presented to them in identical fashion but for the method of the tax title being acquired.
However, the case at bar is further distinguished by the warranty clause in the mortgage. The rule with regard to the warranty clause is set out at 77 NY Jur 2d, Mortgages, § 55.
"A mortgage may be so drawn as to embrace within its lien property which may be acquired by the mortgagor subsequent to the execution of the mortgage. However, such property is *732 not covered unless there is language clearly showing that the parties intended that it should be covered.
"A mortgage on after-acquired property is not a present lien at law; it is instead equivalent to a covenant to give a lien, creating an equitable lien as soon as the property comes into existence. In the absence of intervening equities forbidding such a use, the property, when acquired, is deemed to feed the mortgage as if in existence at the beginning”.
The mortgages in this case were extinguished by the County on its tax proceeding. However, by virtue of the warranty clause in the mortgage, upon the defendant’s purchase of these properties the doctrine of after-acquired title brought the mortgages back into existence. The motion is denied.