[630 NYS2d 122]

Walter A. Borisenok et al., Appellants, v Thomas A. Hug et al., Respondents.

Third Department, July 27, 1995

APPEARANCES OF COUNSEL

*Kriss, Kriss & Brignola,* Albany *(Dominick J. Brignola* of counsel), for appellants.

*Ferrara, Jones,* Saratoga Springs *(Debbie A. Cutler* of counsel), for respondents.

## OPINION OF THE COURT

CARDONA, P. J.

Plaintiffs and defendants are adjoining property owners of land along State Route 9P and Saratoga Lake in the Town of Saratoga, Saratoga County. In 1958, plaintiffs or their predecessors in interest commenced actual occupancy of their deeded property as well as occupying certain portions of what is now defendants' property. Thereafter, defendants' predecessor in interest failed to pay the required property taxes and Saratoga County foreclosed on the property. In 1991, the County conveyed the property by quitclaim deed to defendants. When disputes arose between the parties as to their respective land interests, plaintiffs commenced this action alleging, *inter alia,* that they acquired title by adverse possession to the disputed areas within defendants' parcel. Prior to the trial, the parties stipulated that plaintiffs acquired title to the disputed portions of their parcel by adverse possession prior to the sale of the property to defendants. The issue distills to whether plaintiffs' title through adverse possession was divested by the subsequent tax sale proceeding. Supreme Court ruled in favor of defendants, prompting this appeal.

Plaintiffs contend that because they acquired valid title to the property at issue through adverse possession prior to the tax foreclosure sale, Saratoga County could not pass to defendants, by virtue of the tax sale, any greater title than it had in the property prior to the tax foreclosure. In rejecting this argument, we initially note that the title conveyed in a tax sale is not simply the title of the delinquent property owner *(see, Lee v Farone,* 261 App Div 674, *affd* 288 NY 517). Rather, as the Court of Appeals has noted, "[t]he purchaser of property at a tax sale * * * acquires a new and complete title to the land under an independent grant from the sovereign, a title free of any prior claims to the property or interests in it" *(Melahn v Hearn,* 60 NY2d 944, 946).

In addition, plaintiffs have presented no evidence to call into question the presumptive validity of the tax foreclosure sale itself to defendants *(see,* RPTL former 1020 [3]). Notice of

the impending foreclosure and of the statutory right to redeem the property was required to be given to "a land owner reasonably known and identified from real property records as well as tax records" *(Masick v City of Schenectady,* 164 AD2d 488, 490; *see,* RPTL former 1002, 1010). Plaintiffs do not contend that they were either record owners entitled to notice or that the tax sale was otherwise invalid. Plaintiffs also did not pay any real property taxes on the property prior to this dispute. Instead, they contend that by virtue of their unrecorded title by adverse possession they possessed a title superior to a title acquired through a tax foreclosure sale. In our view, however, that fact alone is not sufficient to warrant divesting defendants of their title to the areas being disputed.

In reaching this conclusion, we note that it has been determined that an adverse possessor does not acquire rights superior to those obtaining title as the result of tax foreclosure proceedings held in accordance with the mandates of RPTL article 10 *(see generally, Congregation Yetev Lev D'Satmar v County of Sullivan,* 59 NY2d 418; *Napolitano v Biderman,* 171 AD2d 654). Plaintiffs contend that their situation can be distinguished from the Court of Appeals holding in *Congregation Yetev Lev D'Satmar v County of Sullivan (supra).* It is true that the specific issue in that case was whether the party claiming title by adverse possession had received adequate notice from the municipality and not whether the adverse possessor's interest survived the tax sale. Nevertheless, in holding that adequate notice had been provided, the Court of Appeals specifically concluded that the "tax deed [was] conclusive evidence that the tax sale and all proceedings were regular" and refused to set aside the municipality's conveyance *(supra,* at 427). Implicit in the Court's ruling is that the adverse possessor's title did not survive the tax sale.

Nor can we accept plaintiffs' assertion that this result is unfair because they were unaware of any outstanding tax obligations. As Supreme Court pointed out, property owners are charged with knowledge that real estate taxes are regularly levied *(see, Keiser v Young,* 181 AD2d 170, *lv denied* 80 NY2d 761). Given the facts before us, we see no reason to depart from this general proposition. We also note that plaintiffs never moved to protect their interest by either seeking to redeem the property after the sale to defendants *(see,* RPTL former 1010) or commencing an action to cancel the conveyance *(see,* RPTL former 1020 [3]; 1022, 1136 [7]). No explanation for this failure is evident in the record before us. In

reaching this result, we point out that we are not saying that property acquired through a tax foreclosure sale may never be the subject of a future adverse possession claim. Rather, given the facts of this case, defendants are not subject to plaintiffs' claim to the land as an adverse possessor. We have considered plaintiffs' remaining arguments and reject them as lacking in merit.

MIKOLL, MERCURE, CASEY and PETERS, JJ., concur.

Ordered that the judgment is affirmed, with costs.