■ First National Bank of Downsville, Appellant, v Howard W. Atkin, Respondent. [718 NYS2d 499] —Peters, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered January 26, 2000 in Delaware County, which, inter alia, denied plaintiff's motion for summary judgment.

In November 1993, plaintiff commenced this mortgage foreclosure action to which defendant asserted numerous affirmative defenses. Five years later, the County of Delaware commenced an in rem proceeding to foreclose a real estate tax lien on the same property pursuant to RPTL article 11. In connection therewith, the County notified both plaintiff and defendant that the property could be redeemed by paying all arrearages on or before February 5, 1999.

When such property was not redeemed, a conveyance was made to the County by tax sale deed. On the day prior to the scheduled public auction, however, the County privately sold the property to defendant for $3,689.42.[1] This transaction was approved by resolution of the County Board of Supervisors (hereinafter the Board), with a transfer by deed dated July 14, 1999 which was recorded on August 9, 1999.

---

1. At that time, the tax obligation on the property was listed as $2,995.28.

On August 13, 1999, plaintiff moved for summary judgment in this mortgage foreclosure action, prompting defendant's cross motion for dismissal. Supreme Court granted defendant's cross motion by finding that plaintiff's rights were extinguished when the County foreclosed on the property.

On this appeal, plaintiff challenges the determination either because the County failed to adhere to its established tax sale procedures by permitting defendant to redeem the property after the deadline or because the contractual provisions of their mortgage agreement automatically restored its rights thereunder once defendant repurchased the property. Both contentions are unavailing.[2]

Resolution No. 37, adopted by the County in 1989, established a procedure for the disposal of tax-acquired properties. In accordance with RPTL 1166, specifically addressing private sales, so long as it is "approved and confirmed by a majority vote of the governing body of the tax district" (RPTL 1166 [2]), the resolution detailed that there shall be no sale of tax-acquired properties prior to an annual auction "except to persons whose interest in the property is satisfactory to the Board."[3] Pursuant thereto, defendant's private purchase of the subject property was specifically approved by resolution of the Board. To the extent that plaintiff contends that defendant was ineligible to bid on such parcel pursuant to the County's own restrictions, we note that such restrictions solely apply to bidders at a public auction and not to one seeking to procure property by a private sale subject to Board approval.

RPTL article 11 wholly undermines plaintiff's next contention that its interests were contractually restored by either the warranty of title or after-acquired property clauses in the parties' mortgage when defendant repurchased the property. Article 11 specifically provides that a deed issued to a tax district following a tax foreclosure sale gives such district "an estate in fee simple absolute" (RPTL 1136 [3]), barring all others who may have had a "right, title, interest, claim, lien or equity of redemption" (id.). Accordingly, " '[t]he purchaser of

---

**2.** Although not raised by the parties, the challenge to the tax sale procedure utilized by the County should have been raised in a separate proceeding against the County or the County should have been made a party to the instant proceeding inasmuch as "the county enjoys certain monetary rights under the tax sale * * * which [could have been] jeopardized by the voiding of that sale" (*Costa v Harris*, 26 AD2d 933; *see*, CPLR 1001 [a]; 82 NY Jur 2d, Parties, § 99).

**3.** Resolution No. 115, adopted by the County in 1992, amends Resolution No. 37 only by changing the deadline for redemption from May 31 to June 30.

property at a tax sale * * * acquires a new and complete title to the land under an independent grant from the sovereign, a title free of any prior claims to the property or interests in it'" (*Borisenok v Hug*, 212 AD2d 282, 283, quoting *Melahn v Hearn*, 60 NY2d 944, 946). Since the mortgage was extinguished by the tax sale, we agree with Supreme Court that neither the warranty of title nor after-acquired property clauses in the mortgage changed the result (*cf.*, *Federal Home Loan Mtge. Corp. v Smallwood*, NYLJ, Apr. 12, 2000, at 35, col 4 [Sup Ct, Orange County, Owen, J.]; *Salamanca Fed. Sav. & Loan Assn. v Darrow*, 162 Misc 2d 729). Wisely put by Supreme Court, "[e]quity does not require * * * the court [to] strain to interpret the terms of a mortgage in a manner that is contrary to reason, merely to salvage for the mortgagee rights that it has lost as a result of its own neglect or tactical decision" (*First Natl. Bank v Atkin*, 183 Misc 2d 425, 429).

Having reviewed and rejected plaintiff's remaining contentions and declining to review that which was not properly preserved for appeal (*see*, *Henry v Malen*, 263 AD2d 698, 703), we affirm Supreme Court's order.

Mercure, J. P., Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.