■ James Anderson et al., Respondents, v Charles E. Pease, Defendant, and Marion A. Dorsett et al., Appellants. [727 NYS2d 717] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered March 20, 2000 in Delaware County, which, *inter alia*, granted plaintiffs' motion for summary judgment.

Due to the default by defendant Charles E. Pease in his mortgage obligations as to property located in the Town of Delhi, Delaware County, Pacific Finance Loans, Inc., doing business as TransAmerica Credit (hereinafter the mortgagee), commenced a mortgage foreclosure action in February 1997 against Pease and all lienholders by filing a notice of pendency in Delaware County. On September 2, 1997, a judgment of foreclosure and sale was entered in the mortgagee's favor directing that the property be scheduled for sale at public auction. At about the same time, due to Pease's nonpayment of real estate taxes, the County Treasurer commenced an in rem proceeding to foreclose a tax lien on the same property pursuant to RPTL article 11. Consequently, the County notified both the mortgagee and Pease that the property could be redeemed if all arrearages were paid on or before January 30, 1998. Neither Pease nor the mortgagee appeared in the tax foreclosure proceeding. In addition, neither redeemed the property by the redemption date. As a result, the County Treasurer conveyed the property to the County by deed dated and recorded March 31, 1998.

Thereafter, the County scheduled a public auction of Pease's former property to be held on July 11, 1998. On June 29, 1998,

however, defendants Ernest Dorsett and Marion A. Dorsett (hereinafter collectively referred to as defendants) paid Pease the amount due in outstanding taxes and Pease, in turn, paid the amount to the County Treasurer. On that same day, Pease executed and delivered a warranty deed to defendants. On July 15, 1998, the County Board of Supervisors adopted a resolution approving the sale of Pease's former property and, at the same time, the County Treasurer executed a deed conveying the premises to Pease.* The deed from the County was recorded on September 18, 1998, and the deed from Pease to defendants was recorded on October 2, 1998.

In the meantime, independent of the tax sale proceedings, plaintiffs acquired the mortgage interest in the property from the mortgagee's successor, Fairbanks Capital Corporation. Fairbanks assigned the note and mortgage to plaintiffs by assignment dated October 27, 1998 and recorded February 2, 1999. Fairbanks also assigned the judgment of foreclosure and sale to plaintiffs by assignment dated January 22, 1999 and filed February 2, 1999. Plaintiffs concluded the foreclosure proceeding on March 22, 1999, resulting in the sale of the property to plaintiffs. Plaintiffs received a Referee's deed dated March 22, 1999, which was recorded on May 24, 1999.

Thereafter, plaintiffs learned of defendants' competing claims to the property and, in July 1999, commenced this action against Pease and defendants for an adjudication of title pursuant to RPAPL article 15. Pease defaulted by failing to serve a responsive pleading. Plaintiffs subsequently moved for summary judgment, and, thereafter, defendants cross-moved for the same relief. Supreme Court determined that plaintiffs owned the property free and clear of any claims by defendants, resulting in this appeal.

Plaintiffs urge affirmance of Supreme Court's judgment, arguing that the July 15, 1998 transaction between Pease and the County was a "redemption" not a sale and, therefore, nothing had been done to extinguish the original mortgage lien. In resolving this matter, however, it is important to keep in mind the procedures applicable to an in rem foreclosure proceeding commenced pursuant to RPTL article 11, as opposed to those applicable for proceedings brought pursuant to RPTL article 10, which has since been repealed (L 1993, ch 602). The differ-

---

* The County did not violate its established tax sale procedures for tax acquired properties by allowing a private purchase of property prior to public auction upon the County Board of Supervisors' approval (see, First Natl. Bank v Atkins, 279 AD2d 779 [a similar case construing the same County resolutions involved herein]; see also, RPTL 1166).

ences between proceedings commenced pursuant to RPTL articles 10 and 11 were discussed by this Court in *Matter of Valente v Culver* (124 AD2d 950, *lv denied* 69 NY2d 611), where it was noted that, in contrast to proceedings commenced pursuant to RPTL article 10, "[RPTL] article 11 provides a summary method of judicial enforcement which the county, as owner of the tax lien, may pursue once the redemption period has passed * * *. Upon commencement, the owner is given a further opportunity to redeem or to interpose an answer * * *. However, the failure to do so * * * results in a conveyance of full and complete title to the county" (*id.*, at 953 [citations omitted]). Specifically, RPTL 1136 (3) provides that the final judgment in these circumstances: "shall contain a direction to the enforcing officer of the tax district to prepare, execute and cause to be recorded a deed conveying to such tax district full and complete title to such parcel. Upon the execution of such deed, the tax district shall be seized of an estate in *fee simple absolute* in such parcel and all persons, including * * * [those] who may have had any right, title, interest, claim, *lien* or equity of redemption in or upon such parcel shall be barred and forever foreclosed of all such right" (emphasis supplied).

Here, there is no dispute that a notice of foreclosure pursuant to RPTL article 11 was sent to the mortgagee specifically informing it that failure to answer or *redeem* by January 30, 1998 would forever bar it from its right and interest in the property (*see*, RPTL 1131). On March 31, 1998, after the expiration of the redemption period, and well before Fairbanks' assignment to plaintiffs, the County Treasurer executed a deed to the property which stated that the redemption period had expired and, therefore, the property was being conveyed to the County. Upon this conveyance to the County, the mortgagee's and Pease's rights were clearly extinguished for previously failing to appear or redeem the property (*see, First Natl. Bank v Atkins*, 279 AD2d 779, *affg* 183 Misc 2d 425).

Plaintiffs' contention that Pease redeemed the property in June 1998 rather than purchasing it from the County when he paid the outstanding taxes appears to stem from confusion engendered by the fact that the County's procedures for the "care and disposal of tax acquired properties" contained in Resolution No. 37, as amended by Resolution No. 115, indicates, *inter alia*, that all property not "redeemed" by June 30th of a given calendar year will be sold by public auction on the second Saturday in July. We find nothing in this language, however, which diminishes the clear title that the County obtained through the statutory language of RPTL article 11 and,

particularly, RPTL 1136 (3) (*see, First Natl. Bank v Atkins, supra; see also*, RPTL 1166). The redemption language in Resolution No. 37 refers only to a situation where, after "the applicable statutory redemption periods have expired, the property owners still may redeem their property from the tax sale at any time *prior* to the execution of the tax deed by the county treasurer conveying the property to the county" (1980 Opns St Comp No. 80-567, at 161 [emphasis supplied]). Since the conveyance to the County herein took place in March 1998, the transaction between the County and Pease in September 1998 could only be a "sale" as described in RPTL 1166 and Resolution No. 37, a fact that is further established by the precise language of the July 1998 resolution approving the transaction. Thus, the mortgage interest in the property was clearly extinguished upon the conveyance of the property to the County in the in rem proceeding and the Referee's deed was ineffective to convey title to plaintiffs.

Plaintiffs further argue that defendants cannot claim title to the property by virtue of the deed from Pease received on June 29, 1998 because at that time Pease did not have a valid interest or title in the property. We note that resolution of this issue does not benefit plaintiffs inasmuch as we have found that Pease obtained a clear title from the County in July 1998. Thus, if title was not passed to defendants it would simply mean that it remained with Pease. In any event, it is true that when Pease delivered a warranty deed to defendants on June 29, 1998, he technically did not have title to the property. Once Pease obtained a valid interest in the property from the County, however, title instantly passed to defendants, holders of the warranty deed, through "the doctrine of after-acquired title" (43A NY Jur 2d, Deeds, § 230, at 170). As a result, there was a valid transfer and defendants properly have title to the property.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, plaintiffs' motion denied, cross motion by defendants Marion A. Dorsett and Ernest Dorsett granted and summary judgment awarded to said defendants.