■ STATE OF NEW YORK, Respondent, v JOHN E. MOORE et al., Appellants. [751 NYS2d 321] —Mugglin, J. Appeal from a judgment of the Supreme Court (Sise, J.), entered August 1,

2001 in Hamilton County, which, in an action pursuant to RPAPL article 15, inter alia, determined that plaintiff is the title owner of certain real property.

Defendants, by virtue of a deed dated June 17, 1989, claim title to a 14-acre parcel located in Township 40, Totten and Crossfield Purchase, Town of Long Lake, Hamilton County (hereinafter the Township). Plaintiff, claiming a superior title, brought this action because defendants started to improve this parcel by building a garage. Recognizing that its claim of title was based on nine separate instruments but, because of the vagueness of some of the property descriptions contained in these documents, it would be impossible to establish in which of these instruments the 14 acres claimed by defendants was located, plaintiff proceeded by proving title to the entire tract, less certain exceptions, and by proving that the 14 acres was not included within the bounds of any exception. Supreme Court, finding this proof to be adequate, determined plaintiff to be the owner of this parcel, and defendants appeal.

As a preliminary matter, we note that defendants made no affirmative attempt to prove good title to the 14-acre parcel, instead relying on alleged infirmities in plaintiff's proof to defeat plaintiff's claim. We further note that in an RPAPL article 15 action, the burden is on the plaintiff to establish by a preponderance of the evidence that the disputed property is within its chain of title (*see Leitch v Jackson*, 243 AD2d 873, 875; *Frampton v Indelicato*, 144 AD2d 880, 881). Accordingly, a plaintiff must demonstrate that it has good title and may not rely on any infirmities in its opponent's title (*see LaSala v Terstiege*, 276 AD2d 529, 530).

On this appeal, defendants first assert that Supreme Court's judgment is erroneous as a matter of law because of the doctrine of stare decisis. Defendants' argument is that this Court, in *St. William's Church, Raquette Lake, N.Y. v People* (269 App Div 874, *revd* 296 NY 861), determined that an undivided one-eighth interest in the Township remained outstanding in the heirs of John Lawrence and that defendants can establish title by adverse possession as against this interest, although admittedly they cannot establish title by adverse possession against any interest of plaintiff in this property which is within the forest preserve (*see Donahue v State of New York*, 112 NY 142, 145). We find this argument to be misplaced. The doctrine of stare decisis bars parties from relitigating settled principles of law and legal issues and does not apply to factual determinations (*see Killeen v Crosson*, 218 AD2d 217, 220). Moreover, the Court of Appeals reversed this Court's decision in *St. William's*

*Church* and dismissed the complaint because there was no evidence of occupation or constructive possession so as to establish title by adverse possession (*St. William's Church, Raquette Lake, N.Y. v People*, 296 NY 861). Thus, the doctrines of collateral estoppel and issue preclusion are unavailable for use by these defendants (*see Killeen v Crosson, supra* at 220; *see also Ruben v American & Foreign Ins. Co.*, 185 AD2d 63).

Next, because a portion of plaintiff's chain of title commences with tax deeds in 1850 and 1869, defendants contend that plaintiff's claim of title is contrary to the weight of the evidence and is erroneous as a matter of law. Defendants, in support of their legal argument, rely on *People v Ladew* (237 NY 413), *People v Inman* (197 NY 200) and *People v Golding* (55 Misc 425) for the proposition that a tax deed is invalid as a means of conveyance based upon jurisdictional defects in the underlying procedures. While this argument may be technically correct, it has no application to this action. First, those three cases involved alleged jurisdictional defects with respect to an 1875 tax deed which is based on an 1871 tax sale. Notably, plaintiff's claim of title does not rely on this action or deed. Moreover, the Court of Appeals found in *Ladew* that plaintiff did not acquire title to the property in question because the defendant was in actual occupancy and plaintiff failed to serve him with a proper notice. Here, defendants offered no proof that their parcel was occupied at the time of either of the tax proceedings relied on by plaintiff. In addition, it is settled law that a purchaser at a tax sale acquires title in fee simple absolute (*see Melahn v Hearn*, 60 NY2d 944, 945-946; *First Natl. Bank of Downsville v Atkin*, 279 AD2d 779, 780-781; *Borisenok v Hug*, 212 AD2d 282, 283). In short, this record contains no evidence that the 1850 or 1866 tax sales were jurisdictionally defective and, therefore, reliance on them to establish title is permissible.

Lastly, with respect to defendants' claim that Supreme Court's decision was contrary to the weight of the evidence, our standard of review applicable to findings of fact is "whether it appears on all the credible evidence that a finding contrary to the trial court's is not unreasonable" (*Strauf v Ettson Enters.*, 106 AD2d 737, 738). We, therefore, "weigh the relative probative force of the conflicting evidence and inferences to determine if a different judgment should have been granted by the trial court" (*id.* at 738 [citation omitted]). Having carefully reviewed the record, we conclude that a finding contrary to that of Supreme Court would not be reasonable. Specifically, we reject defendants' claim that outstanding fractional shares in the

Township constitutes a defect in plaintiff's title. We are convinced, as was Supreme Court, that these fractional shares arose prior to the 1866 tax sale and were extinguished as a result of that tax sale. We likewise find no merit to defendants' claim that a dispute as to the total acreage existing in the Township defeats plaintiff's title. The exact number of acres within this parcel has long been disputed. However, it is clear that the 1869 Comptroller's deed to William Mead purports to convey all of the Township with exceptions not relevant here (*see People v Ladew*, 237 NY 413, 428, *supra*). Clearly, the intent is to convey the balance of the Township, regardless of the acreage which it contained. In sum, the lack of merit to the deficiencies claimed by defendants in plaintiff's title convinces us that Supreme Court correctly rejected the conclusion of defendants' witness that plaintiff had failed to demonstrate a chain of title to this property.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.