Thomas J. Minotti, Appellant, v Daniel J. Larkin et al., Respondents. [780 NYS2d 803]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Doyle, J.), entered July 11, 2003 in Columbia County, upon a decision of the court in favor of defendants.

Defendant Daniel J. Larkin purchased property known as 240 Skiba Road in the Town of Gallatin, Columbia County, from Benjamin Bollerman and Margaret Bollerman in 1976. The quitclaim deed from the Bollermans to Larkin describes two adjoining parcels, the first a 10-acre parcel for which the Bollermans held a deed. The second parcel is described as a 9.73-acre parcel, improved by a residence, for which the Bollermans claimed title as adverse possessors by virtue of their continuous occupation from 1959 through the 1976 sale. Defendants lived in the residence, which they improved and expanded, until it was destroyed by fire in 1996. Defendants, thereafter, obtained a building permit and subsequent certificate of occupancy for a new home which was again located on the second parcel. Defendants paid all assessed taxes for the Skiba Road property (tax map No. 103400 203.-1-23), which the town assessor's records describe as a 12-acre parcel with a 2003 assessed value of $231,900.

In 2000, plaintiff purchased a 10-acre parcel from the County of Columbia at a tax sale for $2,100. Plaintiff received a quitclaim deed which described the parcel only as "Tax Map #: 103400 212.-1-21 FORMERLY: COLUMBIA COUNTY/ROOSA." Other sale documents described the property as a vacant landlocked parcel located near County Route 7 in Gallatin. After the sale was complete, plaintiff hired title abstractor James Monahan to determine the location of his parcel. Monahan found gaps in the chain of title, and concluded, based upon recorded deeds and historical tax assessment records for various properties, that plaintiff did not own the landlocked parcel corresponding to tax map No. 103400 212.-1-21, but, in fact, had purchased the second parcel of the Skiba Road property presently occupied by defendants (hereinafter the disputed parcel).

Plaintiff commenced this action to quiet title to the disputed parcel. Defendants' verified answer asserted affirmative defenses challenging the validity of the tax sale. A bench trial ensued, during which defendants were permitted to amend their answer to assert new counterclaims for, among other things, title to the disputed parcel by adverse possession. Supreme Court found that plaintiff failed to prove that he had purchased the disputed parcel and rendered judgment for defendants on their adverse possession counterclaim, with costs. Plaintiff appeals, and we affirm.

It is uncontested that the parcel purchased by plaintiff had previously been owned by David Roosa. Roosa had acquired the property at a 1997 tax sale after the county foreclosed on his predecessor in title, Jack Lazare. The quitclaim deeds received by Roosa and plaintiff identified the property only by its tax map number. There is no recorded deed granting the property to Lazare, although he testified that he purchased the parcel from Gustaf Gustafsen in the late 1940s or early 1950s. As a result, there is no property description, other than tax map references, in the unbroken chain of title to plaintiff's parcel.

Plaintiff's claim to the disputed parcel rests on a "reconstructed" chain of title that purports to connect known prior owners of the disputed parcel with Gustafsen, one of the few known prior owners in plaintiff's chain of title. However, there are numerous gaps in plaintiff's purported chain of title, and his attempts to overcome these gaps, often through admittedly inaccurate tax assessment records, are attenuated at best. For example, plaintiff maintains that Gustafsen acquired plaintiff's parcel from William Keeler by a deed that allegedly describes the disputed parcel.*

However, he failed to produce competent proof that this deed was actually referring to the Gustafsen property in plaintiff's chain of title. Other links in plaintiff's purported chain of title are similarly deficient. After reviewing the proof in this case, we agree with Supreme Court's conclusion that plaintiff failed to establish, by a preponderance of the evidence, that the disputed parcel is in the chain of title to his property (*see State of New York v Moore*, 298 AD2d 814, 815 [2002]; *Frampton v Indelicato*, 144 AD2d 880, 881 [1988]). Instead we conclude, consistent with the testimony of Roosa and Lazare, that plaintiff purchased the vacant parcel corresponding to tax map No. 103400 212.-1-21.

---

* The 1943 Keeler to Gustafsen deed at issue describes the subject property as being bounded to the "[n]orth and west by the Highway, south by land now or formerly of Hickes, east by land now or formerly of Lasher containing an estimate 10 acres of land being the same more or less."

We note that even if this Court had found that the parcel that plaintiff purchased was in fact the disputed parcel, the tax sale of that parcel would be void. County tax records reflect that defendants have paid all taxes assessed against 240 Skiba Road. Although these tax records are themselves inconsistent with the property descriptions in Larkin's deed, the assessments clearly reflect defendants' residence, which is located on the disputed parcel. Since there was no outstanding tax liability associated with the disputed parcel, any tax foreclosure of that property would have been a nullity (*see Weaver Sons Co. v Burgess*, 7 NY2d 172, 177 [1959]; *Cameron Estates v Deering*, 308 NY 24, 30 [1954]; *Swandiak v Boniface*, 161 AD2d 995, 995-996 [1990]).

Finally, having concluded that the tax sale to plaintiff did not implicate the disputed parcel, and thus did not cut off any rights that defendants might have to the parcel as adverse possessors (*cf. Melahn v Hearn*, 60 NY2d 944, 946 [1983]; *State of New York v Moore, supra* at 816), we see no reason to disturb Supreme Court's declaration that defendants are the lawful owners of the disputed parcel. Plaintiff's remaining contentions have been considered and found to be unavailing.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.