# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1085

CAF 12-00067

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF JASON R. GUCK,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

MALINDA A. PRINZING AND CARL E. PRINZING,
RESPONDENTS-APPELLANTS.
-------------------------------------------------
IN THE MATTER OF PAUL G. GUCK,
PETITIONER-RESPONDENT,

V

MALINDA A. PRINZING AND CARL E. PRINZING,
RESPONDENTS-APPELLANTS.
(APPEAL NO. 2.)

---

TYSON BLUE, MACEDON, FOR RESPONDENTS-APPELLANTS.

ELIZABETH A. SAMMONS, ATTORNEY FOR THE CHILDREN, WILLIAMSON, FOR DAVID P. AND ALYSSA P.

---

Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), entered January 4, 2012. The order adjudged that respondent Malinda A. Prinzing is in civil contempt and sentenced her to 60 days in jail.

It is hereby ORDERED that said appeal by respondent Carl E. Prinzing is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: In appeal No. 1, respondent parents appeal from an order that awarded visitation of the parents' two children to the mother's teenage son and the mother's parents, and in appeal No. 2 they appeal from an order that sentenced the mother to 60 days in jail for civil contempt based upon a prior finding that she willfully failed to obey the visitation order. We note at the outset that, because the father is not aggrieved by the contempt order against the mother, his appeal from the order in appeal No. 2 is dismissed (*see* CPLR 5511). The parents' sole contention in appeal No. 1 and the mother's sole contention in appeal No. 2 is that Domestic Relations Law § 72, which allows grandparents to commence a special proceeding seeking visitation with infant grandchildren, is unconstitutional as applied to this case because the subject children's family is intact

and properly functioning.  Because the parents did not raise that contention in Family Court, it is unpreserved for our review (*see Melahn v Hearn*, 60 NY2d 944, 945; *Matter of State of New York v Campany*, 77 AD3d 92, 101, *lv denied* 15 NY3d 713).  In fact, the parents initially consented to an order providing for grandparent visitation, and they acknowledged in open court that it was in the children's best interests to spend time with their grandparents, with whom the children had previously resided.  By consenting to the visitation order, the parents waived any challenge to the applicability of Domestic Relations Law § 72.

Entered:  November 16, 2012                  Frances E. Cafarell
                                             Clerk of the Court