# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1166**

**CA 13-00473**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF THE FORECLOSURE OF TAX LIENS
BY PROCEEDING IN REM PURSUANT TO ARTICLE 11,
TITLE 3, OF THE REAL PROPERTY TAX LAW BY COUNTY
OF CHAUTAUQUA, PETITIONER-RESPONDENT,

                      V                                         MEMORANDUM AND ORDER

MERLE J. ELDERKIN, RESPONDENT-APPELLANT.

---

THE WESTMAN LAW FIRM, JAMESTOWN (JAMES E. WESTMAN OF COUNSEL), FOR
RESPONDENT-APPELLANT.

STEPHEN M. ABDELLA, COUNTY ATTORNEY, MAYVILLE (KURT D. GUSTAFSON OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

     Appeal from an order of the Chautauqua County Court (Stephen W.
Cass, A.J.), entered May 30, 2012 in a proceeding pursuant to RPTL
article 11.  The order confirmed the report of the Referee, dated
January 12, 2012.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum:  In 2008, petitioner commenced an in rem proceeding
to foreclose tax liens against, inter alia, 23 parcels purportedly
owned by respondent (*see* RPTL 1120).  Respondent filed an answer
alleging deficiencies in the foreclosure proceeding, and County Court
granted petitioner's request to sever those parcels from the
proceeding in order to address the merits of respondent's allegations.
Petitioner thereafter moved for summary judgment in the severed
proceeding with respect to respondent's parcels and, before the motion
was heard, respondent commenced a bankruptcy proceeding.  The
Bankruptcy Court granted petitioner's motion seeking to modify the
automatic stay resulting from the bankruptcy proceeding and ordered
that the foreclosure proceeding could "proceed to the extent of
considering the merits of [petitioner's] pending motion for summary
judgment in the [foreclosure proceeding], and determining the amount
of the delinquent property tax liabilities as they pertain to the
[p]roperties."  Petitioner thereafter withdrew its motion for summary
judgment and, upon the consent of the parties, the matter was referred
to a referee, who conducted a hearing (*see* RPTL 1130 [2]).  The
Referee concluded that respondent is the owner of the parcels, that
certain amounts paid by respondent were properly credited to
respondent's tax liability, and that petitioner's witnesses had

established the amount of tax liability that had accrued on respondent's parcels through January 2011.  Respondent moved pursuant to CPLR 4403 for an order rejecting the Referee's report.  The court instead granted petitioner's request to confirm the report with respect to the total amount of respondent's tax liability, and respondent now appeals.

Although we affirm the order confirming the Referee's report, our reasoning differs from that of the court.  The automatic stay was modified to permit petitioner to proceed with its motion for summary judgment, which sought title to respondent's parcels (see RPTL 1136 [2] [a]; [3]; see generally Anderson v Pease, 284 AD2d 871, 872-873).  Because respondent contested, inter alia, whether taxes were paid, we conclude that the court properly ordered a hearing.  We further conclude that the Referee properly rejected respondent's assertions that petitioner failed to prove that respondent was the owner of the parcels and that petitioner failed to establish that credits had been applied to reduce respondent's total tax liability.  Moreover, inasmuch as petitioner may be obligated to accept partial payments of taxes for properties affected by the bankruptcy proceeding (see RPTL 1140 [3]), or may be required to cancel tax liens (see RPTL 1140 [4]), the Referee properly considered the total amount of respondent's tax liability, and not only that portion that had accrued prior to the commencement of the in rem proceeding.

Entered:  November 15, 2013                          Frances E. Cafarell
                                                     Clerk of the Court