Rose, J.
Appeal from a judgment of the Supreme Court (Schick, J.), entered July 17, 2013 in Sullivan County, which granted petitioners’ application, in a proceeding pursuant to CFLR article 78, to, among other things, annul a determination of the Sullivan County Department of Real Froperty Tax Services changing the reputed owner of certain real property.
Petitioners acquired title to approximately 25 acres of land listed on the tax map of respondent County of Sullivan as lot 6-1-3 and located in Town of Mamakating, Sullivan County. When the County digitized its tax maps in 2010, it discovered a discrepancy resulting in the reduction by 25 acres in an adjacent lot, 6-1-19. The Steger Trust, owner of the adjacent lot, objected to the reduction of its acreage and claimed that the 25 acres listed as 6-1-3 was in its chain of title. After reviewing the relevant deeds, the County’s Director of Real Froperty Tax Services determined that the 25 acres listed as lot 6-1-3 had been conveyed twice and that the initial conveyance led to the deed into the Steger Trust. The Director then informed petitioners that, based on the mapping discrepancy and her review of the relevant deeds, she had instructed the Town’s assessor to list the Steger Trust as record owner of 6-1-3. Petitioners then commenced this proceeding to annul that determination. Supreme Court granted the petition, holding that the Director did not have the authority to instruct respondent Town of Mamakating to change the name of the record owner. Supreme Court also concluded that the County violated petitioners’ right to due process by making its determination without affording them notice of the controversy and an opportunity to participate in making the determination. The County appeals.
*1413 The Comity correctly asserts that the Director of Real Property Tax Services has the statutory authority to amend tax maps and to provide information about such amendments to the Town’s assessor. Counties are required to prepare and maintain tax maps for each city and town therein, and it is the duty of the assessors to use such maps in assessment administration (see RPTL 503 [1] [a]; 1532 [1] [a]). As part of this responsibility, county directors of real property tax services are required to make “such changes from year to year upon such tax maps as may be necessary to maintain the maps in current condition” (RPTL 503 [2]; see 20 NYCRR 8189.14 [a] [7]; [c] [8]; 8189.16 [b]), and to advise assessors on the preparation and maintenance of assessment rolls and property record cards, among other things (see RPTL 1532 [1] [c]). Based on this authority, the County properly amended its tax map and provided the updated information to the assessor listing the Steger Trust as the current reputed owner.
Also, contrary to petitioners’ claim, the County did not determine that they do not own the parcel. Rather, the listing of the reputed owner on the tax map is only for the purpose of identifying the assessed property (see Key Bank of Cent. N.Y. v County of Broome, 116 AD2d 90, 92 [1986]; Lily Dale Assembly v County of Chautauqua, 72 AD2d 950, 951 [1979], affd 52 NY2d 943 [1981], cert denied 454 US 823 [1981]; People ex rel. Oxford Props. v Tax Commn. of City of N.Y., 17 AD2d 225, 227 [1962], lvs denied 12 NY2d 646 [1963]). Likewise, because title to the property is not determined by the tax map, petitioners have failed to identify any protected property interest giving rise to procedural due process protection (see Board of Regents of State Colls. v Roth, 408 US 564, 570-571 [1972]; Matter of Pure Air & Water of Chemung County v Davidsen, 246 AD2d 786, 787 [1998], appeal dismissed 91 NY2d 955 [1998], lv denied 92 NY2d 807 [1998], appeal dismissed 93 NY2d 1013 [1999]). Any ongoing dispute between petitioners and the Steger Trust should be resolved in an action to quiet title pursuant to RPAPL article 15 (see e.g. Minotti v Larkin, 9 AD3d 699, 699-700 [2004]; Gallas v Duchesne, 268 AD2d 728, 728 [2000]).
Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ., concur.
Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.