Wells Fargo Bank, N.A. v Budram (2020 NY Slip Op 06323)





Wells Fargo Bank, N.A. v Budram


2020 NY Slip Op 06323


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

529440 529574

[*1]Wells Fargo Bank, N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-Nc2 Asset- Backed Pass-Through Certificates, Appellant,
v
Somwattie Budram et al., Respondents, et al., Defendants.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Akerman LLP, New York City (Ashley S. Miller of counsel), for appellant.
Sandra Poland Demars, Albany, for respondents.



Mulvey, J.
Appeals (1) from an order of the Supreme Court (Buchanan, J.), entered January 23, 2019 in Schenectady County, which, among other things, dismissed the complaint, and (2) from an order of said court, entered May 10, 2019 in Schenectady County, which, upon reargument, adhered to its prior decision dismissing the complaint.
In 2006, defendants Somwattie Budram and Rampersaud Budram (hereinafter collectively referred to as defendants) borrowed money from plaintiff's predecessor-in-interest and executed a promissory note that was secured by a mortgage on residential real property in the City of Schenectady, Schenectady County. The loan was subsequently modified and, thereafter, the note and mortgage were assigned to plaintiff in September 2012. Plaintiff then commenced this mortgage foreclosure action based on defendants' default on the mortgage payments. In July 2014, plaintiff moved for summary judgment and an order of reference.
In August 2014, the City of Schenectady acquired title to the mortgaged premises in an in rem tax foreclosure proceeding.[FN1] A few days later, defendants filed for chapter 13 bankruptcy, which stayed plaintiff's mortgage foreclosure action. The bankruptcy proceeding was closed, after being fully administered, in March 2018. Pursuant to a stipulation and order entered upon consent in the bankruptcy proceeding, in June 2018 the City conveyed title to the subject property to defendants via a quitclaim deed.
Also in June 2018, plaintiff, asserting that the bankruptcy stay was now lifted, requested that Supreme Court decide the 2014 summary judgment motion and updated the status of this proceeding only by asserting that defendants remained in default. Defendants then opposed the motion, noting that the City had taken title to the property in a tax foreclosure proceeding. Plaintiff submitted additional information on the status of mortgage payments but did not address the transfer of the property. After taking judicial notice of the real property tax records of Schenectady County reflecting that the City took title to the subject property in August 2014, Supreme Court denied plaintiff's motion for summary judgment and dismissed the mortgage foreclosure action as moot. Plaintiff moved for reargument and renewal, asserting that defendants' reacquisition of title to the subject property from the City effectively rescinded the tax foreclosure and rendered the mortgage a valid lien on the premises, entitling plaintiff to summary judgment inasmuch as defendants were still in default. The court, upon reargument, adhered to its prior decision. Plaintiff appeals from both orders.
Supreme Court did not err in denying plaintiff's motion for summary judgment and dismissing the complaint. To meet its burden of establishing its entitlement to summary judgment in foreclosure, plaintiff submitted proof of the mortgage, the assignment to plaintiff, the unpaid note and that defendants were in default (see Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 987 [2016]). However, in opposition to the summary judgment motion, defendants informed the court that the City acquired title to the subject property pursuant to RPTL article 11, and argued that this rendered the instant matter moot. Further, defendants noted that Bankruptcy Court had granted defendants' motion — without any opposition, including from plaintiff, despite plaintiff being on notice — to reclassify plaintiff's secured interest in the property to an unsecured interest for the purpose of the chapter 13 bankruptcy plan disbursements.
Supreme Court took judicial notice of the August 2014 deed transferring the property to the City as a result of a tax foreclosure proceeding. "[A] deed issued to a tax district following a tax foreclosure sale gives such district 'an estate in fee simple absolute,' barring all others who may have had a 'right, title, interest, claim, lien or equity of redemption'" (First Natl. Bank of Downsville v Atkin, 279 AD2d 779, 780 [2001], quoting RPTL 1136 [3]). Upon conveyance to the City of title to the property pursuant to RPTL 1136, plaintiff's lien on the property was extinguished (see Anderson v Pease, 284 AD2d 871, 873 [2001]; First Natl. Bank of Downsville v Atkin, 279 AD2d at 781; Central Fed. Sav. v Laurels Sullivan County Estates Corp., 145 AD2d 1, 5 [1989], lv dismissed 74 NY2d 944 [1989], lv denied 76 NY2d 704 [1990]). Defendants did not redeem the property, as they did not pay the required amount by the redemption date (see RPTL 1110). Any transfer of the property from the City back to defendants after the execution of a tax deed to the City cannot be considered a redemption of the property (see Anderson v Pease, 284 AD2d at 873-874; compare Behar v Wiblishauser, 99 AD3d 838, 840-841 [2012]), nor was it a rescission of the tax foreclosure. Inasmuch as plaintiff's mortgage interest was extinguished upon the conveyance of title to the City in fee simple absolute in 2014, the court properly denied plaintiff's motion for summary judgment and, pursuant to CPLR 3212 (b), granted summary judgment to defendants dismissing the mortgage foreclosure action.
Supreme Court did not err in adhering to its decision, upon reargument.[FN2] In support of the motion, plaintiff asserted that the court overlooked certain arguments and information. Plaintiff also submitted the 2015 stipulation between defendants and the City that was approved in connection with defendants' bankruptcy proceeding, as well as the deed recorded in June 2018 from the City to defendants, neither of which had been before the court previously. As noted by Supreme Court, there is no indication in either document that the City's title was encumbered by plaintiff's lien or that such lien was somehow resurrected by defendants' reacquisition of the subject property. Further, the record lacks any indication or assertion by plaintiff that it made any attempt to protect its mortgage interest in the tax foreclosure proceeding or in the bankruptcy proceeding. Accordingly, Supreme Court properly adhered to its prior decision dismissing the complaint.
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the orders are affirmed, with costs.



Footnotes

Footnote 1: Although the deed to the City was not submitted by the parties on the summary judgment motion, Supreme Court took judicial notice of the filed real property tax records. This Court has also reviewed the deed, as a copy of it was submitted on plaintiff's motion to reargue or renew.

Footnote 2: Although Supreme Court purported to deny the motion for reconsideration, the court effectively granted either renewal or reargument, addressed the merits and adhered to its prior decision. As such, the order on reargument is appealable as of right (see Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1184-1185 [2015], lv denied 25 NY3d 912 [2015]).