HERMAN FRIES et al., Appellants, *v.* CLEARVIEW GARDENS SIXTH CORPORATION et al., Respondents.

Second Department, March 21, 1955.

*Sigmond F. Sarnowski* and *William J. Roswick* for appellants.

*Albert Hutton, Sr.,* for Morris Praver and others, respondents.

No appearance for Clearview Gardens Sixth Corporation, respondent.

BELDOCK, J. This action involves the title to two lots in Queens County. Appellants seek judgment declaring them to be the owners. It is not clear from this record exactly what structure is presently on the two lots in question (which were vacant when appellants obtained their deed), but it does appear that a development of some kind was placed on property, including the two lots, sufficiently large to warrant mortgages of approximately $4,500,000. Respondents claim to be owners, a lessee, and mortgagees. Appellants obtained a deed to the lots in 1934. Their title is attacked on the ground of misdescription therein, based on a reference in the deed to a filed map which does not contain the lots in question. It also appears that, when appellants received their deed, their grantor was not then the owner of the fee, but reacquired title to the premises at a later date. The trial court dismissed the complaint on the ground that appellants' deed conveyed nothing to them because of the description, which was held to be insufficient.

On May 9, 1929, Flushing Terrace Corporation filed a subdivision " Map of North Flushing, Addition No. 1 ". On July 1, 1930, that corporation filed an " Amended Map of North Flushing, Addition No. 1 ", which included not only the property shown on the 1929 map, but a large tract of additional property. On January 16, 1933, Flushing Terrace Corporation made a deed to one Brickner of a parcel of property which included the two lots now claimed by appellants. On February 2, 1934, almost four years after the filing of the amended map and at a time when Flushing Terrace Corporation did not have title to the property which appellants claim, that corporation conveyed to appellants, by full covenant and warranty deed, property described only as lots 29 and 30 in block 525 on the " Map of North Flushing, Addition No. 1 ". There is no block 525 shown on that map. There are lots 29 and 30 in block 525 shown on the

amended map filed in 1930. Appellants' deed was recorded and indexed under the block shown on the amended map. Appellants paid taxes on the two lots from 1934 to 1952. On June 29, 1934, Brickner reconveyed to appellants' grantor the property which had been deeded to him on January 16, 1933. On the same day (June 29, 1934) Flushing Terrace Corporation conveyed the property to another corporation. Through a series of mesne conveyances, respondents Praver obtained title.

This action was commenced in April, 1953, against the owners of the fee, the lessee of the property, a mortgagee of the leasehold, and a mortgagee of the fee. Judgment is demanded that (1) appellants be adjudged the owners in fee of the two lots and that they recover possession; (2) appellants recover damages for withholding possession; (3) the mortgages be declared void; (4) appellants have such other and further relief as may be just and proper.

After trial, the complaint was dismissed, it being held that (a) the deed under which respondents claim (from Flushing Terrace Corporation to Brickner in 1933) is superior in time to appellants' deed in 1934; (b) there is no specific description of the property in appellants' deed, and the map referred to therein does not have the specific lot and block numbers mentioned in the deed; (c) appellants were never in possession of the property, whereas respondents were; (d) appellants' payment of taxes is not sufficient upon which to base a claim of possession; (e) appellants do not ask for reformation of their deed; (f) appellants' deed is not in the chain of title running from and subsequent to the 1933 deed to Brickner, which is the source of respondents' title.

In our opinion, the learned Special Term was in error in dismissing the complaint.

Descriptions in deeds must be interpreted in such a way as to give effect thereto according to the intention of the parties. (*Brookman* v. *Kurzman,* 94 N. Y. 272.) It appears from the face of the deed to appellants that the parties intended that the grantor convey to the grantee the lots shown on the map filed in 1930, which was the only effective map then extant. The omission of the word " amended " before the word " map " in appellants' deed, assuming the word was necessary, was merely a clerical error. The recording of this deed constituted sufficient notice to respondents as subsequent purchasers. (*Wetzler* v. *Nichols,* 53 Wash. 285; *Oliphant* v. *Burns,* 146 N. Y. 218, 233; *Tefft* v. *Munson,* 57 N. Y. 97.) Significantly, respondents do not urge that the deed to appellants was not turned up on respond-

ents' search of title. On the contrary, they argue that they chose to disregard it on the theory that it conveyed nothing. They did so at their peril.

While at the time of the conveyance by Flushing Terrace Corporation to appellants on February 2, 1934, the grantor did not have title, it having conveyed title to the two lots claimed by appellants to Brickner on January 16, 1933, appellants offered proof that on June 29, 1934, Brickner reconveyed the property to Flushing Terrace Corporation, which the latter conveyed out on the same day to another corporation. This offer of proof was improperly excluded. The deed to appellants was a full covenant and warranty deed. Those covenants bound appellants' grantor to make the title perfect. Therefore, when the grantor, Flushing Terrace Corporation, on June 29, 1934, reacquired title to the lots conveyed to appellants, such acquisition enured to their benefit, not simply by way of estoppel against the grantor or its privies, but, if necessary, as a positive confirmation of its title. The grantor is presumed to have made its subsequent purchase for the purpose of discharging a duty which it owed to the grantees to perfect their title. The presumption cannot be controverted. Therefore, when on June 29, 1934, appellants' grantor reacquired title to the two lots theretofore conveyed to appellants, at that very instant title passed to them. (*Mickles* v. *Townsend,* 18 N. Y. 575, 577; *Tefft* v. *Munson,* 57 N. Y. 97, 99, *supra*; *House* v. *McCormick,* 57 N. Y. 310, 321; *Oliphant* v. *Burns,* 146 N. Y. 218, 232–233, *supra*.)

The judgment should be reversed and a new trial granted, with costs to appellants to abide the event.

The reasons for the granting of a new trial are the present state of the pleadings and the paucity of the record.

Under the complaint as it reads presently, appellants seek an adjudication of title, the recovery of possession, and damages for withholding possession. It does not appear whether there is any structure on appellants' property. If there is, and if appellants desire to remove the encroachment, the complaint should be amended; otherwise, such relief may not be granted in a subsequent action. (*Hahl* v. *Sugo,* 169 N. Y. 109.) The Sheriff will usually return an execution unsatisfied under a judgment in ejectment and refuse to deliver possession by taking down an encroaching structure because it would subject him to an unreasonable risk to do so. (*Baron* v. *Korn,* 127 N. Y. 224, 228.) If there be involved in an ejectment action the expense of removal of encroachments, the expense of such removal, if proper allegations be inserted in the complaint, may be recovered (*City of*

*Syracuse* v. *Hogan*, 234 N. Y. 457, 463), or the judgment may direct the removal of a structure, award damages in lieu thereof (Real Property Law, § 539), or grant such other relief as may be proper. The present complaint contains no such allegations. Appellants, if so advised, may wish to amend by asking, in addition to the judgment presently demanded, such other relief as may be justified by the facts.

It was also error for the court to exclude from evidence all the exhibits marked for identification.

NOLAN, P. J., WENZEL, MACCRATE and MURPHY, JJ., concur.

Judgment reversed and a new trial granted, with costs to appellants to abide the event.