Lora S. Collins et al., Appellants, v Louise Tashjian, Respondent

The main issue raised on this appeal concerns the parties' conflicting claims to ownership of certain property. The dis-

puted property consists of the southern portion of a certain stretch of Stillwater Road, as that road is described on various official maps. Having reviewed the entire record, we find that the plaintiffs have submitted evidentiary proof in admissible form sufficient to warrant the granting of partial summary judgment in their favor. *(Zuckerman v City of New York,* 49 NY2d 557, 562).

The plaintiffs and the defendant each derive title to their respective properties from a common grantor, Norma H. Fleet. By deed dated July 16, 1926, Fleet transferred to a predecessor in title of the plaintiffs certain premises, which were specifically described so as to include "that part of Stillwater Road, to the center line thereof, adjoining said premises". Four years later, by deed dated October 2, 1930, Fleet conveyed certain other premises, which were specifically described so as to exclude "any lands heretofore conveyed by [Fleet] for the purpose of private roads", to the defendant's predecessors in title.

Both these deeds referred to the existence of Stillwater Road. The location of this road was defined on a map prepared by a surveyor in 1926. This map was admissible in evidence as an ancient document *(see,* Richardson, New York Evidence § 76 [Prince 10th ed]). The disputed portion of this road is also described on a map filed with the Suffolk County Clerk on July 1, 1938. The road also appears on a map declared official by the Suffolk County Road Property Tax Service Agency on June 1, 1985.

All of these maps were presented, in admissible form, as documentary evidence in support of the motion. All relevant deeds tendered with the motion were also in admissible form. The maps may be referred to in interpreting the descriptions of the subject properties contained in the various deeds *(see, Town of Brookhaven v Dinos,* 76 AD2d 555, 562, *affd* 54 NY2d 911). Based on this evidence, we find that there can be no bona fide issue of fact as to the location of the disputed portion of Stillwater Road or as to the plaintiffs' respective ownership interest in the southern half of that road, that is, the portion of that road between their property and the center of the road.

At oral argument, the defendant raised for the first time the further contention that Norma H. Fleet did not have good title to the southern half of Stillwater Road on July 16, 1926, when she conveyed it to the plaintiffs' predecessor in title. However, the record shows that Norma H. Fleet had just

acquired that very same property from William A. and Jane S. Fleet, by a deed dated June 23, 1926, which was recorded on July 26, 1926. There is absolutely no proof that William A. and Jane S. Fleet did not have title to that which they purported to convey. Moreover, even if we assume that Norma H. Fleet did not have title to the southern half of Stillwater Road at the time she conveyed it to the plaintiffs' predecessors, it is clear that she acquired such title sometime thereafter. The defendant herself claims title to this property through a deed given by Norma H. Fleet. Since Fleet's deed to the plaintiffs' predecessor in title contained a warranty that Fleet owned the disputed property, then if Fleet acquired title to the disputed property after her original conveyance, such acquisition enured to the benefit of the plaintiffs' predecessor, to whom that warranty had been made (see, Fries v Clearview Gardens Sixth Corp., 285 App Div 568; 38 NY Jur, Mortgages and Deeds of Trust, § 259).

For the foregoing reasons, the plaintiffs are entitled to partial summary judgment declaring their respective interests in the southern half of the disputed portion of Stillwater Road.

The record also establishes that the defendant or her predecessor caused to be constructed a fence which impeded the plaintiffs' access to the subject property. However, the precise location of this fence is unclear, and it appears that some portion of it has been removed. We find, for the reasons discussed above, that the plaintiffs are also entitled to an order directing the removal of whatever portion of that fence may remain on property in which they have an ownership interest.

Finally, the plaintiffs, in their motion, requested, among other relief, an order directing that certain individuals be substituted as party plaintiffs. Specifically, it appears that, since the commencement of this action, the plaintiffs Dorothy Irwin, Gustav and Arlene Wild, and Gabriel and Mary Delton have transferred their interests to other individuals. However, this relief was not requested in the plaintiffs' notice of motion and was apparently not considered by Special Term. Further, the record contains no request from these new owners to be joined as parties in the instant proceeding. In any case, these new owners will benefit fully from the declaratory and injunctive relief issued herein. Therefore, we decline to order substitution of these new owners.

We note that since the plaintiffs specifically limited the issues raised on appeal, we do not pass on the question

whether they have any right of way or other interest in the northern half of the disputed portion of Stillwater Road. Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.