■ Robert W. Guenther et al., Respondents, v Jonathan M. Allen, Appellant. [702 NYS2d 678] —Carpinello, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered June 7, 1999 in Clinton County, upon a decision of the court in favor of plaintiffs.

At issue in this action to quiet title pursuant to RPAPL article 15 is 360 acres of forest land in the Town of Black Brook, Clinton County. Plaintiffs claim ownership to the disputed property by adverse possession under color of title, namely a 1968 deed from the former owners of record. Defendant claims superior title based upon 1967 deeds from the Clinton County Treasurer executed after plaintiffs' predecessors in title failed to pay real property taxes.

At the ensuing nonjury trial, defendant argued that had plaintiffs simply commissioned a title search prior to their 1968 conveyance, his recorded tax deeds would have been apparent. Defendant, however, acknowledged that he was aware that plaintiffs had been paying "his" property taxes (which exceeded $23,000 in the aggregate) continually from the time they purchased the property up to and including the time of trial, a period exceeding 30 years.* Both parties testified as to their activities on the property. Plaintiffs testified that they had camped and vacationed on the property at least annually, had erected barriers across old logging roads to inhibit trespassers, had posted the property and had attempted to improve a barn on it, the latter efforts having been defeated by vandals. Defendant claimed to have planted trees on the property and to have used it for a variety of recreational purposes, including fishing, hunting and berry picking.

It is axiomatic that to obtain title by adverse possession plaintiffs needed to establish "by clear and convincing evidence that for a period of 10 years [they] actually possessed the property in dispute and that such possession was open and notorious, exclusive, continuous, hostile and under a claim of right" (*Village of Castleton-on-Hudson v Keller*, 208 AD2d 1006, 1008; *see, Shawangunk Conservancy v Fink*, 261 AD2d 692; *see also*, RPAPL 511, 512). RPAPL 512 (1) provides that "[f]or the purpose of constituting an adverse possession by a person claiming a title founded upon a written instrument * * * land is deemed to have been possessed and occupied * * * [w]here it has been usually cultivated or improved." However, the nature of the property is critical to the determination of the degree of possession required to establish adverse possession and " 'wild and undeveloped land that is not readily susceptible to habitation, cultivation or improvement does not require the same quality of possession as residential or arable land' " (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 160, quoting 7 Powell, Real Property, Adverse Possession ¶ 1012 [2]). Under the circumstances of this case, we find Supreme Court's decision in plaintiffs' favor on their adverse possession claim to be amply supported by the law and the facts.

Cardona, P. J., Mercure, Crew III and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Defendant also acknowledged having been in receipt of a letter dated November 14, 1968 from the County Treasurer's office advising him that plaintiffs' predecessors in title had "redeemed" the property by paying the past due taxes and offering to remit to him $1,225.03 (presumably the amount paid by him for the tax sale certificates, plus interest), an offer which defendant apparently chose not to accept.