THOMAS L. ZIEGLER et al., Respondents, v HILDA SERRANO, Appellant. [905 NYS2d 297]—

Peters, J.P. Appeal from an order of the Supreme Court (Cahill, J.), entered March 26, 2009 in Ulster County, which, in an action pursuant to RPAPL article 15, granted plaintiffs' motion for summary judgment.

In 1972, defendant and her husband purchased property in the Town of Gardiner, Ulster County. They lived there together until February 1982, when defendant left without informing her husband that she was leaving or where she was going. He thereafter commenced an action for divorce, which was granted upon defendant's default. A subsequent action for partition of the marital residence likewise resulted in a default judgment in his favor and he was awarded fee title to the property in January 1985. The following month, he conveyed the property by deed to plaintiffs.

In 1991, defendant unsuccessfully moved to vacate both the divorce and partition judgments. On appeal, this Court found that service in both actions was improper and vacated the judgments (*Serrano v Serrano*, 186 AD2d 912 [1992]). Thereafter, in

1992, defendant commenced a RPAPL article 15 action against plaintiffs and their mortgage company challenging plaintiffs' title to the property and seeking a declaration that she and her husband were the lawful owners thereof; the action was dismissed in November 1994 based upon her failure to prosecute. Plaintiffs thereafter continued to occupy the property and use it exclusively as their residence without interference. In September 2008, they commenced the instant action pursuant to RPAPL article 15 seeking to quiet title to the property by adverse possession or, alternatively, on res judicata and collateral estoppel grounds. Supreme Court granted plaintiffs' summary judgment motion, finding that the dismissal of defendant's 1992 action for failure to prosecute was entitled to res judicata effect and thus barred her from relitigating the claim in this action. The court alternatively found that plaintiffs demonstrated entitlement to judgment as a matter of law on their adverse possession claim. Defendant now appeals.

Initially, we find that Supreme Court erred in granting plaintiffs' summary judgment motion on res judicata grounds. "Unless the order specifies otherwise," dismissal of an action for failure to prosecute is not a dismissal on the merits and therefore does not bar a subsequent action between the same parties based on the same or similar claims (CPLR 3216 [a]; *see Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614, 615-616 [1985]; *Gundershein v Bradley-Mahony Coal Corp.*, 295 NY 539, 540-541 [1946]; *San Filippo v Adler*, 278 AD2d 402 [2000]; *Bullock v Wehner*, 263 AD2d 739, 740 [1999]; *Deacon's Bench v Hoffman*, 101 AD2d 971, 972 [1984]). Here, the order of dismissal neither specified that it was "on the merits" or "with prejudice." As such, it was not entitled to res judicata effect.

Nevertheless, we find that plaintiffs were entitled to judgment quieting title to the land based on adverse possession. To prevail on their adverse possession claim, plaintiffs were required to demonstrate that their possession of the property was adverse, under a claim of right, actual, exclusive, open and notorious, and continuous for a 10-year period (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *Sawyer v Prusky*, 71 AD3d 1325, 1326 [2010]). Additionally, where, as here, a claim of right to the property is founded upon a deed, RPAPL 511 requires "continued occupation and possession of the premises . . . , or of some part thereof, for ten years." Pursuant to the 2008 legislative enactments to RPAPL article 5, a "claim of right" now requires "a reasonable basis for the belief that the prop-

erty belongs to the adverse possessor or property owner" (RPAPL 501 [3], as amended [eff July 7, 2008]).*

Here, it is undisputed that plaintiffs have continuously possessed and exclusively occupied the property in question since the land was conveyed to them in 1985. Throughout this time, plaintiffs undertook numerous acts that were consistent with those of a property owner and sufficient to put defendant on notice, including the payment of all taxes, extensive landscaping, installing a shed and fence, replacing all the windows, the deck, front door, sidewalk and driveway, and prominently displaying their surname on the home's mailbox (*see* RPAPL 512 [1]; *Goss v Trombly*, 39 AD3d 1128, 1130 [2007]; *Guenther v Allen*, 268 AD2d 934, 935 [2000], *lv dismissed and denied* 94 NY2d 939 [2000]; *Parillo v Prunier*, 257 AD2d 807, 808 [1999]; *McGuirk v Ferran*, 222 AD2d 943, 945-946 [1995], *lv dismissed and denied* 88 NY2d 1003 [1996]). Plaintiffs also demonstrated that they occupied the property under a claim of right. Their continued possession of the property since 1985 under the deed and the dismissal of defendant's 1992 action challenging their title, after which defendant took no steps to assert any right to title of the property, provided plaintiffs with a reasonable basis to believe that they owned the property (*see* RPAPL 501 [3]). Upon this proof, plaintiffs made a prima facie showing of entitlement to the property by adverse possession.

With the burden shifted to defendant to set forth evidence raising a question of fact (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), she submitted only a memorandum of law wherein she argued that plaintiffs cannot succeed on their adverse possession claim because her husband's conveyance of the property to them was fraudulent. However, defendant has failed to provide any evidence that plaintiffs had knowledge of the purported fraudulent conveyance at the time it was made, and a deed by one purporting to have authority to convey provides the requisite color of title to support an adverse

---

* We note that, although the newly enacted provisions and amendments to RPAPL article 5 apply, by their own terms, to claims filed on or after July 7, 2008 (*see* L 2008, ch 269, § 9), the Fourth Department has recently concluded that, where title to the disputed property has allegedly vested in the possessor prior to the effective date of the 2008 enactments and amendments, application of the newly enacted legislation to divest the possessor of his or her property rights is unconstitutional (*Franza v Olin*, 73 AD3d 44, 45 [2010]). Inasmuch as the parties to this action have not raised the propriety of applying the 2008 legislation to the facts of this case, we do not pass on the issue. In any event, even were we to apply the law as it existed at the time that plaintiffs' title to the property vested by reason of adverse possession, the result reached here would not change.

possession claim (*see e.g. Dickson v Caruso*, 31 Misc 2d 1050, 1055-1056 [Sup Ct, Broome County 1961]; *Spear v De Silva*, 80 NYS2d 583, 586 [Sup Ct, Delaware County 1948]). In the absence of any competent proof raising a triable issue of fact as to any of the elements of plaintiffs' adverse possession claim, summary judgment was properly awarded.

Rose, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.