Cassaforte Ltd. v Pourtavoosi (2023 NY Slip Op 06080)

Cassaforte Ltd. v Pourtavoosi

2023 NY Slip Op 06080

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Index No. 451426/20 Appeal No. 1091 Case No. 2023-00185 

[*1]Cassaforte Limited et al., Plaintiffs-Respondents,
v
Babak Pourtavoosi et al., Defendants, Sharestates Investments DACL LLC et al., Defendants-Appellants.

Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for appellant.
Genova Burns LLC, New York (Lauren W. Gershuny of counsel), for respondents.

Order, Supreme Court, New York County (Margaret Chan, J.), entered July 5, 2022, which denied defendants Sharestates Investments DACL, LLC and Toorak Capital Partners LLC's motion to dismiss the ninth cause of action asserted against them, unanimously reversed, on the law, with costs, and the motion granted.
Plaintiffs allege that refinancing transactions entered into by plaintiffs XYZ Development II LLC, XYZ 42 Van Buren LLC, and XYZ Pacific LLC (collectively the XYZ plaintiffs) were undertaken by the XYZ plaintiffs' former owner, nonparty Aaron Johnson, without the authorization of plaintiff Cassaforte Limited, which was required under the operating agreements of the XYZ plaintiffs. They allege that out of the total loan proceeds of about $5.8 million advanced by Sharestates, $1.6 million was taken by Johnson and the attorneys who represented the XYZ plaintiffs in the transactions. In the ninth cause of action, the XYZ plaintiffs seek a declaration that the mortgages granted by the XYZ plaintiffs to Sharestates are null and void because Sharestates knew or should have known that Johnson was not authorized to act without Cassaforte's consent and therefore Sharestates is not a bona fide mortgagee.
Sharestates did establish a defense of equitable estoppel based on documentary evidence, namely U.S. Department of Housing and Urban Development Settlement Statements submitted by the XYZ plaintiffs after closing, which show that the proceeds of the loans made by Sharestates were actually distributed to and received by the XYZ plaintiffs. Having received the benefits of the loans, the XYZ plaintiffs are estopped from contesting the validity of the mortgages, because otherwise they would obtain an "unconscientious advantage" (see Bernard v Citibank, N.A., 195 AD3d 783, 787-788 [2d Dept 2021]). Further, the XYZ plaintiffs have not offered to return any part of the loan proceeds; thus they are deemed to have assented to the transactions and are equitably estopped from impeaching them (see id. at 788, citing Rothschild v Title Guar. & Trust Co., 204 NY 458, 464 [1912]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023