Walters v O'Quinn (2025 NY Slip Op 05988)

Walters v O'Quinn

2025 NY Slip Op 05988

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2021-08510
2022-03399
 (Index No. 506720/15)

[*1]Hyergene F. Walters, etc., plaintiff-respondent,
v
Nicole C. O'Quinn, etc., et al., defendants, Dion I. Balcarran, et al., appellants, Emigrant Bank, etc., defendant-respondent.

Gregory J. Tarone, Mount Kisco, NY, for appellants.
Tomer Y. Goldstein, Brooklyn, NY, for plaintiff-respondent.
Borchert & LaSpina, P.C., Whitestone, NY (Edward A. Vincent of counsel), for defendant-respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendants Dion I. Balcarran, Alnisa Dampeer, Jamie Doyle, and Malik Shakur appeal from (1) an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated October 4, 2021, and (2) an order and judgment (one paper) of the same court dated March 25, 2022. The order, insofar as appealed from, denied those defendants' motion for summary judgment on their counterclaim, in effect, for a judgment declaring that they collectively own a two-thirds interest in the subject property and on their cross-claim against the defendant Emigrant Bank, in effect, for a judgment declaring that their two-thirds interest in the subject property is not encumbered by a mortgage lien held by the defendant Emigrant Bank. The order and judgment, insofar as appealed from, (1) granted that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against the defendants Dion I. Balcarran, Alnisa Dampeer, Jamie Doyle, and Malik Shakur, (2) upon reargument, in effect, (a) vacated so much of the order dated October 4, 2021, as, upon reargument, (i) vacated so much of an order of the same court (Johnny Lee Baynes, J.) dated October 25, 2018, as granted that branch of the motion of the defendant Emigrant Bank which was for summary judgment on its cross-claim insofar as asserted against the defendants Dion I. Balcarran, Alnisa Dampeer, Jamie Doyle, and Malik Shakur, and (ii) thereupon denied that branch of the motion, and (b) thereupon adhered to the determination in the order dated October 25, 2018, granting that branch of the motion, (3) declared that the plaintiff is the sole owner of the subject property by adverse possession and that the defendants Dion I. Balcarran, Alnisa Dampeer, Jamie Doyle, and Malik Shakur are forever barred from any and all claims to any estate or interest in the subject property, and (4) declared that the defendant Emigrant Bank has a priority mortgage lien encumbering the entire subject property.
ORDERED that the appeal from the order dated October 4, 2021, is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and the defendant Emigrant Bank.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
By deed dated July 13, 1974, spouses Robert E. Hogarth (hereinafter Robert) and Rebecca Hogarth (hereinafter Rebecca), and Dorothea Balcarran (hereinafter Dorothea), Rebecca's daughter, conveyed certain residential property located in Brooklyn to Rebecca alone. On September 28, 1977, Rebecca executed a last will and testament in which she bequeathed a life estate and a one-third remainder interest in the property to Robert and a two-thirds remainder interest in the property to Dorothea. Rebecca appointed Robert as the executor of her estate. Following Rebecca's death on February 15, 1978, on March 15, 1978, Robert filed a petition in the Surrogate's Court to admit Rebecca's will to probate but failed to prosecute the proceeding. Consequently, letters of administration were never issued, and Rebecca's estate remained unsettled. Dorothea died intestate in June 1988, survived by her husband and some of their children.
In 1983, Glovern Monica Blair moved into the property to serve as Robert's home health aide. On January 23, 1991, five days prior to Robert's death, Robert executed a deed conveying the property to himself and Blair as joint tenants with the right of survivorship (hereinafter the 1991 deed). Blair allegedly believed that the interest Robert conveyed was a 100% fee simple interest in the property and had no knowledge of Rebecca's unprobated will at the time of the conveyance.
Following Robert's death, Blair continued to reside at the property as her primary residence until her death on November 29, 2012. On December 9, 2004, Blair executed a note in the sum of $200,000 in favor of Emigrant Mortgage Company, Inc., the predecessor in interest of the defendant Emigrant Bank. The note was secured by a mortgage on the property. Blair subsequently refinanced the mortgage on March 9, 2007, increasing the total indebtedness to the sum of $300,000. In May 2012, Emigrant Bank commenced an action to foreclose the mortgage.
Following Blair's death, her will was admitted to probate, and her daughters, the plaintiff and Michelle Walters, attempted to sell the property. During that process, it was revealed that there was a potential break in the chain of title, and a prospective buyer informed a number of Dorothea's heirs that they potentially possessed a two-thirds interest in the property through intestate succession. Dorothea's heirs included the defendants Dion I. Balcarran, Alnisa Dampeer, Jamie Doyle, and Malik Shakur (hereinafter collectively the Balcarran defendants).
In June 2015, the plaintiff, as the executor of Blair's estate, commenced this action pursuant to RPAPL article 15 to quiet title to the property, alleging that the plaintiff is the sole owner of the property by adverse possession. Emigrant Bank asserted a cross-claim and a counterclaim for a judgment declaring that it has a priority mortgage lien encumbering the entire property. The Balcarran defendants asserted various counterclaims, including a counterclaim, in effect, for a judgment declaring that they collectively own a two-thirds interest in the property, and a cross-claim against Emigrant Bank, in effect, for a judgment declaring that their two-thirds interest in the property is not encumbered by Emigrant Bank's mortgage lien.
Thereafter, Emigrant Bank moved, inter alia, for summary judgment on its cross-claim insofar as asserted against the Balcarran defendants. In an order dated October 25, 2018, the Supreme Court, among other things, granted that branch of the motion. The Balcarran defendants subsequently moved, inter alia, for leave to reargue their opposition to that branch of Emigrant Bank's motion and separately moved for summary judgment on their counterclaim, in effect, for a [*2]judgment declaring that they collectively own a two-thirds interest in the property and on their cross-claim against Emigrant Bank, in effect, for a judgment declaring that their two-thirds interest in the property is not encumbered by Emigrant Bank's mortgage lien. In an order dated October 4, 2021, the court, among other things, upon reargument, denied that branch of Emigrant Bank's motion which was for summary judgment on its cross-claim insofar as asserted against the Balcarran defendants and denied the Balcarran defendants' motion for summary judgment.
Subsequently, the plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the Balcarran defendants. Emigrant Bank moved, among other things, for leave to reargue its opposition to that branch of the Balcarran defendants' motion which was for leave to reargue their opposition to that branch of Emigrant Bank's prior motion which was for summary judgment on its cross-claim insofar as asserted against the Balcarran defendants. In an order and judgment dated March 25, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against the Balcarran defendants and declared that the plaintiff is the sole owner of the property by adverse possession and that the Balcarran defendants are forever barred from any and all claims to any estate or interest in the property. In addition, the court granted Emigrant Bank leave to reargue and, upon reargument, in effect, adhered to the determination granting that branch of Emigrant Bank's prior motion which was for summary judgment on its cross-claim insofar as asserted against the Balcarran defendants and declared that it has a priority mortgage lien encumbering the entire property. The Balcarran defendants appeal.
"To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit" (Ortiz v Eldert 294, LLC, 223 AD3d 911, 911 [internal quotation marks omitted]; see X & Y Dev. Group, LLC v Epic Tower, LLC, 196 AD3d 732, 733).
"To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)" (Estate of Becker v Murtagh, 19 NY3d 75, 81; see Vassilakos v Vassilakos, 228 AD3d 701, 702). "RPAPL 541 creates a statutory presumption that a tenant in common in possession holds the property for the benefit of the cotenant" (DeRosa v DeRosa, 58 AD3d 794, 795; see RPAPL 541). Absent ouster, RPAPL 541 requires "20 years of continuous exclusive possession before a cotenant may acquire full title by adverse possession" (Myers v Bartholomew, 91 NY2d 630, 632; see Vassilakos v Vassilakos, 228 AD3d at 702). "To establish the 'exclusivity' element, the adverse possessor must alone care for or improve the disputed property as if it were his/her own" (Estate of Becker v Murtagh, 19 NY3d at 83). The hostility element is satisfied "where an individual asserts a right to the property that is adverse to the title owner and also in opposition to the rights of the true owner" (id. at 81 [internal quotation marks omitted]; see Salzberg v Sena, 204 AD3d 853, 856). "A claim of right means a reasonable basis for the belief that the property belongs to the adverse possessor or property owner, as the case may be" (RPAPL 501[3]) and can be founded upon a written instrument (see id. §§ 511, 512; Ziegler v Serrano, 74 AD3d 1610).
Contrary to the Balcarran defendants' contention, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that Blair resided at the subject property as her primary residence for more than 20 years and that during this time period, Blair paid all carrying costs and charges on the property, including property taxes and the Emigrant Bank mortgage loan, collected rent from tenants, and performed repairs and upgrades, all of which took place during a time that Blair had no knowledge or reason to know of Rebecca's will and Robert's failure to fully probate it or that any other party might have a claim to any or all of the property (see RPAPL 511, 512, 541; Estate of Becker v Murtagh, 19 NY3d at 81, 83; Salzberg v Sena, 204 AD3d at 856; Ziegler v Serrano, 74 AD3d 1610). For similar reasons, as well as pursuant to the doctrine of after-acquired title (see Anderson v Pease, 284 AD2d 871, 874; Collins v Tashjian, 124 AD2d 629, 630-631; Village of Tarrytown v Woodland Lakes Estates, 97 AD2d 338; Fries v Clearview Gardens Sixth Corp., 285 App Div 568, 571; 43A NY Jur 2d, Deeds § 230), [*3]Emigrant Bank established its prima facie entitlement to judgment as a matter of law on its cross-claim for a judgment declaring that it has a priority mortgage lien encumbering the entire property insofar as asserted against the Balcarran defendants. In opposition, the Balcarran defendants failed to raise a triable issue of fact. The Balcarran defendants' contentions regarding the validity of the 1991 deed and Blair's knowledge of Rebecca's will and Dorothea's heirs were unsubstantiated and speculative, and therefore, insufficient to defeat the plaintiff's and Emigrant Bank's prima facie showings (see Zuckerman v City of New York, 49 NY2d 557; Ziegler v Serrano, 74 AD3d 1610).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against the Balcarran defendants, properly, upon reargument, in effect, adhered to the determination granting that branch of Emigrant Bank's motion which was for summary judgment on its cross-claim insofar as asserted against the Balcarran defendants, and properly denied the Balcarran defendants' motion for summary judgment on their counterclaim, in effect, for a judgment declaring that they collectively own a two-thirds interest in the property and on their cross-claim against Emigrant Bank, in effect, for a judgment declaring that their two-thirds interest in the property is not encumbered by Emigrant Bank's mortgage lien.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court