Reinhardt v Freedom Mtge. Corp. (2026 NY Slip Op 00920)

Reinhardt v Freedom Mtge. Corp.

2026 NY Slip Op 00920

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2022-08825
 (Index No. 726543/21)

[*1]John Reinhardt, et al., respondents, 
vFreedom Mortgage Corporation, etc., defendant, Mortgage Electronic Registration Systems, Inc., appellant.

Weiss Zarett Brofman Sonnenklar & Levy, P.C., New Hyde Park, NY (Michael J. Spithogiannis of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for respondents.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property and for declaratory relief, the defendant Mortgage Electronic Registration Systems, Inc., appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), dated October 13, 2022. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment on its counterclaim for a judgment declaring that the subject mortgage is valid, and granted that branch of the plaintiffs' cross-motion which was for summary judgment on the amended complaint insofar as asserted against that defendant and for a judgment declaring that the subject mortgage is void.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Mortgage Electronic Registration Systems, Inc., which was for summary judgment on its counterclaim for a judgment declaring that the subject mortgage is valid is granted, that branch of the plaintiffs' cross-motion which was for summary judgment on the amended complaint insofar as asserted against that defendant and for a judgment declaring that the subject mortgage is void is denied, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the subject mortgage is valid.
By deed dated September 30, 2013, Valerie Rezzolla, as administrator of the estate of Oscar Rezzolla, conveyed the subject property, located in Queens, to the plaintiffs, John Reinhardt and Patrice Gay-Reinhardt. The deed was recorded on November 26, 2013. On April 24, 2015, John Reinhardt executed a note in the amount of $625,500 in favor of the defendant Freedom Mortgage Corporation (hereinafter Freedom). The note was secured by a mortgage on the property in favor of the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS). The mortgage was signed by both plaintiffs and recorded on May 11, 2015. The mortgage stated, in relevant part: "I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender."
In an order and decree dated May 4, 2017, the Surrogate's Court determined that the deed dated September 30, 2013, was void ab initio and subject to cancellation, as was the mortgage, [*2]upon the court's finding that the deed was never subscribed by the grantor and, by extension, never delivered.
In a quitclaim deed dated October 12, 2021, Lois M. Rosenblatt, as Public Administrator for the estate of Oscar Rezzolla, conveyed the property to the plaintiffs. This deed was recorded on November 4, 2021.
Thereafter, the plaintiffs commenced this action against Freedom and MERS, alleging that the mortgage is void since the plaintiffs did not legally own the property at the time the mortgage was given. The plaintiffs sought a judgment cancelling and discharging the mortgage and declaring that they are the owners of the property free of any encumbrances. MERS interposed an answer asserting various affirmative defenses and a counterclaim for a judgment declaring that the mortgage is valid. Thereafter, MERS moved, inter alia, for summary judgment on its counterclaim. The plaintiffs opposed the motion and cross-moved, among other things, for summary judgment on the amended complaint insofar as asserted against MERS and for a judgment declaring that the mortgage is void. In an order dated October 13, 2022, the Supreme Court, inter alia, denied that branch of MERS's motion and granted that branch of the plaintiffs' cross-motion. MERS appeals.
"A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid" (Matter of Bowser, 167 AD3d 1001, 1002; see Selene Fin., L.P. v Jones, 203 AD3d 1191, 1194). Here, however, the mortgage in favor of MERS contained a warranty that the plaintiffs owned the property, and the plaintiffs subsequently acquired title to the property. Under the circumstances, the doctrine of equitable estoppel precludes the plaintiffs from asserting that the mortgage is void (see Collins v Tashjian, 124 AD2d 629, 631; Village of Tarrytown v Woodland Lake Estates, 97 AD2d 338, 342; Fries v Clearview Gardens Sixth Corp., 285 App Div 568, 569; cf. Bernard v Citibank, N.A., 195 AD3d 783, 789).
Accordingly, the Supreme Court should have granted that branch of MERS's motion which was for summary judgment on its counterclaim for a judgment declaring that the mortgage is valid and denied that branch of the plaintiffs' cross-motion which was for summary judgment on the amended complaint insofar as asserted against MERS and for a judgment declaring that the mortgage is void.
The parties' remaining contentions need not be reached in light of our determination.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the mortgage is valid (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court